**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| TONYA WATSON VOSBURGH,<br><br>              Plaintiff,<br><br>      v.<br><br>UTAH STATE PRISON,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT**<br><br>Case No. 2:06-CV-1041 TC<br><br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul Warner |

Plaintiff, Tonya Watson Vosburgh, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1983.  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See* 28 U.S.C. § 1915(b).  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  For

screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe her pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See id.*  However, "[t]he broad reading of the plaintiff's complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

## II. Background

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on denial of adequate medical care.  Plaintiff states that she suffers from hemiparesis and must wear a brace on her right foot in order to walk.  Plaintiff wears an ordinary shoe over the brace fastened with shoelaces. Plaintiff states that when she was transferred to the prison's Olympus facility, her shoelaces were confiscated as a security precaution.  Plaintiff alleges that because she did not have shoelaces, her foot slipped out of her shoe, and she broke her

ankle.  Plaintiff's Complaint seeks compensatory damages for pain
and suffering caused by her injury.

The present Complaint is essentially identical to a previous
suit filed by Plaintiff in case number 2:06-CV-141-TS.  That case
was dismissed on May 23, 2006, (doc. no. 18), based on the
Court's finding that Plaintiff failed to exhaust available
administrative remedies as required under the Prisoner Litigation
Reform Act (PLRA).  *See* 42 U.S.C. § 1997e(a).  That finding was
based on a letter submitted by Plaintiff, dated August 10, 2005,
in which Utah Department of Corrections hearing officer, Craig
Ball, states that Plaintiff did not submit a timely grievance
regarding her ankle injury, and she was, therefore, barred from
seeking administrative relief from the prison.  (Doc. no. 15.)
Plaintiff's present Complaint contends that this letter, despite
its finding that Plaintiff failed to timely pursue administrative
remedies, satisfies the PLRA's exhaustion requirement.

### III. Sufficiency of Plaintiff's Complaint

### A. Exhaustion Requirement

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, a
prisoner confined in any jail, prison or other correctional
facility may not bring an action challenging "prison conditions"
under 42 U.S.C. § 1983 or any other federal law "until such
administrative remedies as are available are exhausted."  42
U.S.C. § 1997c(a).  Exhaustion under the PLRA is mandatory, and

3

unexhausted claims cannot be brought in federal court.  *See Jones v. Bock*, 127 S. Ct. 910, 919 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  In *Jones,* the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones*, 127 S. Ct. at 921 (overruling Tenth Circuit precedent to the contrary).  However, the *Jones* Court also noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies.  As the Court explained:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c).  *Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract*.  *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v.*

> *Empire Blue Cross Blue Shield*, 152 F.3d 67,
> 74-75 (C.A.2 1998) (dismissing a complaint
> barred by official immunity under Rule
> 12(b)(6)).  See also 5B C. Wright & A.
> Miller, Federal Practice and Procedure
> § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added).  Thus, although

*Jones* held that exhaustion of administrative remedies need not be

pled specifically in the complaint, where it is apparent from the

face of the complaint that an inmate has failed to exhaust prison

grievance procedures, *sua sponte* dismissal on screening is

appropriate for failure to state a claim upon which relief may be

granted.  *See Spaulding v. Oakland County Jail Med. Staff*, No.

4:07-cv-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007)

(applying *Jones* and dismissing complaint on initial screening for

failure to exhaust because it was clear from the face of the

complaint that the prisoner had not exhausted his administrative

remedies prior to filing suit); *Ghosh v. McClure*, No. H-05-4122,

2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) ("Nothing in

the Supreme Court's decision in *Jones* precludes a reviewing court

from raising the issue of exhaustion *sua sponte* or dismissing the

complaint without service on the defendants where the pleadings

and the record confirm that a prisoner has violated 42 U.S.C §

1997e(a) by failing to exhaust his remedies before filing

suit."); *see also Funk v. Washburn*, No. 2:07-cv-318-FTM-29DNF,

2007 WL 1747384, at *1 (M.D. Fla. June 18, 2007); *Leary v.*

*A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, at *2–3 (E.D.

Mich. April 25, 2007); *Tanner v. Fed. Bureau of Prisons*, 475 F.

Supp. 2d 103, 105 (D.D.C. 2007).

## B. Failure to State a Claim

Applying the above standard, the Court concludes that

Plaintiff's Complaint fails to state a claim on which relief can

be granted.  Under Section E of the Complaint, entitled "Previous

Lawsuits and Administrative Relief," Plaintiff admits filing a

previous lawsuit based on the same facts involved in this action.

(Compl. at 5.)  Plaintiff identifies the previous lawsuit as case

number "2:06-CV-141" and admits that it was dismissed because

Plaintiff "didn't complete [the] grievance process."  (Compl. at

6.)  Thus, from Plaintiff's own admissions on the face of her

Complaint, it is clear that the present claims are barred for

failure to satisfy the PLRA's exhaustion requirement.

Plaintiff's assertion elsewhere in the Complaint that her

failure to comply with the prison's grievance procedures

satisfies the exhaustion requirement for purposes of this case is

mistaken.  As explained in the Court's dismissal order in case

2:06-CV-141-TS, the Tenth Circuit has held that the PLRA's

exhaustion requirement "contains a procedural default concept."

*Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir.

2004), *abrogated in part on other grounds by Jones*, 127 S. Ct. at

919.  Thus, when a prisoner fails to meet a prison procedural

rule--e.g., a grievance time limit--and becomes barred from seeking administrative relief, the prison grievance process is not thereby considered exhausted for purposes of the PLRA.  *See id.*  Under such circumstances, "[r]egardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'"  *Id.* (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002)).  The Tenth Circuit explained the rationale for this procedural default rule by stating:

> Allowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's intent to give prison officials the opportunity to take corrective action that may satisfy inmates and reduce the need for litigation, to filter out frivolous claims, and to create an administrative record that would facilitate subsequent judicial review.

*Id.*

Because it is clear from the face the Complaint that Plaintiff's claims have not been exhausted, as required under 42 U.S.C. § 1997e(a), the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that this case is

**DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim on which relief can be granted.  *See* 28 U.S.C.

§ 1915(e)(2)(B).

DATED this 29th day of October, 2008.

> BY THE COURT:
>
> *Tena Campbell*
> _____
> TENA CAMPBELL, Chief Judge
> United States District Court